IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,   :

    Plaintiff,   :

  v.   :   Case No. 2:12-cr-241

       :

Paul J. Holtz,   Magistrate Judge Kemp

    Defendant.   :

## OPINION AND ORDER

On March 18, 2013, defendant Paul J. Holtz signed a plea agreement. In it, he agreed to plead guilty to Count 1 of an indictment charging him with theft of government property, a felony. Subsequently, a revised plea agreement was filed. In that agreement, Mr. Holtz agreed to plead guilty to Count 1 of a superseding information. While the information also charged him with theft of government property, it did so as a misdemeanor, reciting that on February 6, 2010, Mr. Holtz, by making a false statement on an application for unemployment benefits, "did willfully and knowingly steal money belonging to the United States, in an amount of less than $1,000...."

Mr. Holtz entered his guilty plea on May 9, 2013, and the Court accepted his plea as knowing and voluntary. The parties also requested that he be sentenced that day. According to the plea agreement, Mr. Holtz agreed to pay restitution to the United States. When asked about the amount of restitution, the parties advised the Court that the total was not simply the amount covered by the information (and which, according to the statement of facts read into the record, was $518.00), but $16,058.00, the total amount he received improperly by way of false statements made at times other than the date charged in the information.

Both parties asked the Court to impose that restitutionary obligation as part of the sentence, and to sentence Mr. Holtz to a term of probation long enough to allow him to make full repayment.

The Court did not immediately accept the parties' recommendation. Rather, it took the matter under advisement for purposes of determining the legality of imposing restitution in an amount which, if it had been charged, would not have been a misdemeanor but a felony. This Opinion and Order constitutes the Court's ruling on that issue.

The Court begins by comparing this case with a prior case, United States v. Payne, 2009 WL 5062099 (S.D. Ohio Dec. 16, 2009). That case also involved a charge of theft of government property in an amount less than $1,000. Mr. Payne had attempted to plead guilty to an information charging the misdemeanor offense but had also agreed that the Court's sentence should require him to make restitution in an amount greater than $1,000.00. The Court declined to accept his plea, setting forth, at some length, its reasoning for concluding that the amount of restitution must be tied to the offense of conviction, and that because the information in that case clearly stated only a misdemeanor offense and limited the time of the offense to a specific period during which the loss to the United States did not exceed $1,000.00, the amount of restitution could not exceed the loss alleged in the information. The Court incorporates that discussion here.

Payne has not been cited by any other court, either positively or negatively. However, since it was decided, other cases involving the same issue have been decided, and they appear to agree with this Court's analysis. So, for example, in United States v. Morrison, 685 F.Supp.2d 339 (E.D.N.Y. 2010), the court held that any award of restitution "must be confined to

Both parties asked the Court to impose that restitutionary obligation as part of the sentence, and to sentence Mr. Holtz to a term of probation long enough to allow him to make full repayment.

The Court did not immediately accept the parties' recommendation. Rather, it took the matter under advisement for purposes of determining the legality of imposing restitution in an amount which, if it had been charged, would not have been a misdemeanor but a felony. This Opinion and Order constitutes the Court's ruling on that issue.

The Court begins by comparing this case with a prior case, United States v. Payne, 2009 WL 5062099 (S.D. Ohio Dec. 16, 2009). That case also involved a charge of theft of government property in an amount less than $1,000. Mr. Payne had attempted to plead guilty to an information charging the misdemeanor offense but had also agreed that the Court's sentence should require him to make restitution in an amount greater than $1,000.00. The Court declined to accept his plea, setting forth, at some length, its reasoning for concluding that the amount of restitution must be tied to the offense of conviction, and that because the information in that case clearly stated only a misdemeanor offense and limited the time of the offense to a specific period during which the loss to the United States did not exceed $1,000.00, the amount of restitution could not exceed the loss alleged in the information. The Court incorporates that discussion here.

Payne has not been cited by any other court, either positively or negatively. However, since it was decided, other cases involving the same issue have been decided, and they appear to agree with this Court's analysis. So, for example, in United States v. Morrison, 685 F.Supp.2d 339 (E.D.N.Y. 2010), the court held that any award of restitution "must be confined to

Both parties asked the Court to impose that restitutionary obligation as part of the sentence, and to sentence Mr. Holtz to a term of probation long enough to allow him to make full repayment.

The Court did not immediately accept the parties' recommendation. Rather, it took the matter under advisement for purposes of determining the legality of imposing restitution in an amount which, if it had been charged, would not have been a misdemeanor but a felony. This Opinion and Order constitutes the Court's ruling on that issue.

The Court begins by comparing this case with a prior case, United States v. Payne, 2009 WL 5062099 (S.D. Ohio Dec. 16, 2009). That case also involved a charge of theft of government property in an amount less than $1,000. Mr. Payne had attempted to plead guilty to an information charging the misdemeanor offense but had also agreed that the Court's sentence should require him to make restitution in an amount greater than $1,000.00. The Court declined to accept his plea, setting forth, at some length, its reasoning for concluding that the amount of restitution must be tied to the offense of conviction, and that because the information in that case clearly stated only a misdemeanor offense and limited the time of the offense to a specific period during which the loss to the United States did not exceed $1,000.00, the amount of restitution could not exceed the loss alleged in the information. The Court incorporates that discussion here.

Payne has not been cited by any other court, either positively or negatively. However, since it was decided, other cases involving the same issue have been decided, and they appear to agree with this Court's analysis. So, for example, in United States v. Morrison, 685 F.Supp.2d 339 (E.D.N.Y. 2010), the court held that any award of restitution "must be confined to

[the] period" alleged in the indictment, and that it could not award restitution for losses covered by the same type of conduct for other time periods. And in United States v. Susi, 378 Fed. Appx. 277 (4th Cir. May 14, 2010), the appeals court reversed an order of restitution because it went beyond the charged conduct. This Court continues to adhere to its decision in Payne, and therefore concludes, for the reasons explained in Payne, that it lacks the authority to order Mr. Holtz to pay more than $518.00 in restitution.

In Payne, the Court had not accepted the defendant's guilty plea when it made its ruling. Consequently, the result in that case was to allow the parties to work out a new agreement. Here, the Court has accepted the plea. The Court notes that nothing in the plea agreement indicates that any of the terms are binding on the Court, nor is there any language in the agreement stating the effect of the Court's decision not to accept any portion of the agreement - that is, giving either or both parties the right to opt out of the agreement should the Court refuse to accept one or more of its terms. As the Supreme Court has said, "[g]uilty pleas can be accepted while plea agreements are deferred, and the acceptance of the two can be separated in time." United States v. Hyde, 520 U.S. 670, 674 (1997). That is what happened here.

That does not answer the question of whether the parties should be given an opportunity to withdraw from the agreement because of the Court's view about its authority to incorporate the parties' agreement about restitution into the sentence. If the agreement concerning restitution is considered simply to be a non-binding recommendation as to the sentence (and that argument can be made since restitution is part of the sentence), the rejection of that recommendation would not give the parties the right to back out of the agreement. See United States v. White, 583 F.2d 819 (6th Cir. 1978). If, however, the agreement to make

restitution is bound up with the United States' agreement not to bring other charges, and if the United States takes the position that if the Court does not order restitution, it is free to bring such charges, the Court's rejection of the restitution portion of the agreement would be a rejection of a term specified under Fed.R.Crim.P. 11(c)(1)(A).  In that case, Mr. Holtz would have to be advised that he can withdraw his plea if he wants.  See Fed.R.Crim.P. 11(c)(5).

Rather than proceed to sentencing and leave these questions unanswered, the Court makes the following order.  The United States shall indicate, within fourteen days, whether it will take the position that if the Court does not order restitution in the amount to which the parties have agreed, it is not bound by paragraph 8 of the plea agreement.  If it takes that position, the Court will give Mr. Holtz the opportunity to withdraw his guilty plea.  If, conversely, the United States takes the position that it still has a contractual right of restitution which it can and will enforce against Mr. Holtz, and that based on that contractual right it considers itself bound by its agreement in paragraph 8 not to file other charges, the Court will proceed to sentence Mr. Holtz in a manner consistent with this Opinion and Order.  That sentence may include a fine within the guideline range since the Court would be ordering only $518.00 of restitution under this alternative.

For these reasons, sentencing in this case is therefore deferred for fourteen days pending the United States' response to this order.

/s/ Terence P. Kemp
United States Magistrate Judge

restitution is bound up with the United States' agreement not to bring other charges, and if the United States takes the position that if the Court does not order restitution, it is free to bring such charges, the Court's rejection of the restitution portion of the agreement would be a rejection of a term specified under Fed.R.Crim.P. 11(c)(1)(A).  In that case, Mr. Holtz would have to be advised that he can withdraw his plea if he wants.  See Fed.R.Crim.P. 11(c)(5).

Rather than proceed to sentencing and leave these questions unanswered, the Court makes the following order.  The United States shall indicate, within fourteen days, whether it will take the position that if the Court does not order restitution in the amount to which the parties have agreed, it is not bound by paragraph 8 of the plea agreement.  If it takes that position, the Court will give Mr. Holtz the opportunity to withdraw his guilty plea.  If, conversely, the United States takes the position that it still has a contractual right of restitution which it can and will enforce against Mr. Holtz, and that based on that contractual right it considers itself bound by its agreement in paragraph 8 not to file other charges, the Court will proceed to sentence Mr. Holtz in a manner consistent with this Opinion and Order.  That sentence may include a fine within the guideline range since the Court would be ordering only $518.00 of restitution under this alternative.

For these reasons, sentencing in this case is therefore deferred for fourteen days pending the United States' response to this order.

/s/ Terence P. Kemp
United States Magistrate Judge